H. Dickson Burton
Edgar R. Cataxinos
William S. Britt
TraskBritt
230 South 500 East
P.O. Box 2550
Salt Lake City, Utah 84110
Telephone: (801) 532-1922

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| HARRISON M. LAZARUS, M.D., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ENDOLOGIX, INC., a corporation of the state of California,<br><br>Defendant. | **COMPLAINT**<br>**WITH DEMAND FOR JURY**<br><br>Case: 2:07cv00466<br>Assigned To : Campbell, Tena<br>Assign. Date : 7/6/2007<br>Description: Lazarus v. Endologix |

Plaintiff Harrison M. Lazarus, M.D. (hereinafter "Plaintiff" or "Lazarus"), through his counsel, brings this complaint against Defendant Endologix, Inc. (hereinafter "Defendant" or "Endologix"), as follows:

### PARTIES

1. Plaintiff is an individual residing at 853 Thirteenth Avenue, Salt Lake City, Utah 84103.

2. Defendant Endologix is a corporation of the State of California, having its principal place of business at 11 Studebaker, Irvine, California 92618-2013.

3.  Defendant manufactures Abdominal Aortic Aneurysm ("AAA") grafts in California and sells and supplies the same, identified as its Powerlink graft, throughout the United States, including the State of Utah, and abroad.

## JURISDICTION AND VENUE

4.  Plaintiff incorporates the previous paragraphs herein.

5.  This is a civil action for patent infringement under the patent laws of the United States and, more specifically, under Title 35 U.S.C. §§271, 281, 283, 284 and 285. Jurisdiction in this Court is founded upon 28 U.S.C. §§1338(a) and 1331.

6.  The venue is proper in this district pursuant to 28 U.S.C. §§1400(b) and 1391(b) and (c).

## BACKGROUND OF PATENT AT ISSUE

7.  Plaintiff invented in the early 1990's an implantable graft for repairing abdominal aortic aneurysms ("AAA"), which invention was described and claimed in U.S. Patent Application Serial No. 149,040, filed on November 8, 1993 (hereinafter "the '040 Application"), which application disclosed and claimed other inventions as well.

8.  On December 7, 1995, Plaintiff filed a continuation application Serial No. 568,559 from the '040 Application, which continuation issued as United States Patent 5,871,536 ("the '536 Patent") on February 16, 1999, a copy of which is attached hereto as Exhibit A.

9.  The '536 Patent has not expired and is in full force and effect.

10. The '536 Patent contains claims, *inter alia*, to an inverted Y-shaped graft for repairing AAA, said graft structured and adapted to be self-supporting and configured to be supported at or adjacent to the iliac bifurcation of the aortic artery, thereby avoiding graft migration.

11. Defendant manufactures and/or sells in the United States a unibody, bifurcated stent graft for repairing AAA known as the POWERLINK stent graft, which graft is structured and adapted to be self-supporting and configured to be supported at or adjacent to the iliac bifurcation of the aortic artery, thereby avoiding graft migration. A true and correct copy of a promotional article of the POWERLINK product is attached hereto as Exhibit B.

## FIRST CAUSE OF ACTION

12. The allegations of the previous paragraphs are incorporated herein.

13. Plaintiff owns all rights, title and interest in the '536 Patent.

14. Defendant has directly infringed and continues to directly infringe, either literally or under the Doctrine of Equivalents, the '536 Patent by making, using, selling, and/or offering to sell its POWERLINK unibody, bifurcated, stent graft (see Exhibit B), said infringement being of at least Claims 3 through 6, 9, 10, 14 through 16, 29, and 30 of the '536 Patent, and being unlawful per 35 U.S.C. §271(a).

15. Defendant has induced and/or contributed to the infringement of the '536 Patent and is continuing to induce and/or contribute to infringement of the '536 Patent by, among other acts, intentionally encouraging, causing, urging, and/or aiding others to directly infringe the '536 Patent, including, but not limited to, by offering to sell, selling, offering to lease, leasing, and/or

otherwise providing others with instructions, information, and assistance for practicing the claimed invention..

16. All of the aforementioned infringing acts by Defendant are without the permission, license, or consent of Plaintiff.

17. Upon information and belief, such acts of infringement by Defendant have been, and continue to be, willful and deliberate, and Plaintiff reasonably believes that such acts of infringement will continue in the future unless enjoined by this Court.

18. By reason of its aforementioned acts of infringement, Defendant has been unjustly enriched.

19. By reason of Defendant's acts of infringement, Plaintiff has suffered and continues to suffer irreparable harm and damages, including, but not limited to, lost sales, lost market share, lost profits, damage to Plaintiff's goodwill and reputation, and diminution of the inherent value of the '536 Patent, in an amount to be determined at trial. Defendant's infringement further irreparably harms Plaintiff by encouraging others to infringe.

20. As a result of the continuing harm to Plaintiff and the diminution of the value of the '015 Patent, Plaintiff has no adequate remedy at law for Defendant's infringement of the '536 Patent.

WHEREFORE, Plaintiff prays:

(a) For a judgment holding Defendant liable for infringement of the '536 Patent;

(b) For a preliminary and permanent injunction enjoining Defendant, its officers, agents, servants, employees and attorneys, successors and assigns, and all other persons acting in concert or participation with Defendant from further infringement of the '536 Patent;

(c)     For an award to Plaintiff of his damages, and that such damages be trebled in view of the willful and deliberate nature of Defendant's infringements;

(d)     Awarding Plaintiff prejudgment interest on any amounts of actual damages;

(e)     That this be declared an exceptional case, and that Plaintiff be awarded his attorneys' fees;

(f)     For an award of Plaintiff costs of this action; and

(g)     For such other further relief to which this court deems Plaintiff may be entitled in law and in equity.

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

DATED this ____ day of July, 2007.

_____
H. Dickson Burton
Edgar R. Cataxinos
William S. Britt
TRASKBRITT
230 South 500 East
P.O. Box 2550
Salt Lake City, Utah 84110
Telephone: (801) 532-1922
Attorneys for Plaintiff